**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Adeline T. Mancini, | |
| *Plaintiff,* | Case No. 3:25-cv-50471 |
| v. | Honorable Michael F. Iasparro |
| Paul I. Rosil, *et al.,* | |
| *Defendants.* | |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is this Court's report and recommendation that Plaintiff's Motion for Good Faith Finding [33] be granted. Any objection to this report and recommendation must be filed by July 15, 2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**STATEMENT**

On November 13, 2025, Plaintiff Adeline T. Mancini brought the instant lawsuit against Defendants Paul I. Rosil, Taras Rosil, and George R. Wilkinson, alleging that on September 16, 2025 they were negligent in causing a multi-vehicle collision that injured Plaintiff. Dkt. 1. As set forth in the Complaint, Plaintiff seeks damages in excess of $75,000 against Defendants for medical bills and expenses she incurred in treating her physical injuries, pain and suffering, and lost future gains. In December 2025, Defendants answered the Complaint, and Defendant George R. Wilkinson filed a crossclaim for contribution against Paul I. Rosil. Dkts. 12, 17. In January 2026, the parties began conducting discovery. Dkt. 28.

On May 28, 2026, Plaintiff filed the instant Motion for Good Faith Finding, asking the court to approve a settlement between Plaintiff and Defendant George R. Wilkinson pursuant to the Illinois Joint Tortfeasor Contribution Act ("the Contribution Act"), 740 ILCS 100/2. Dkt. 33. Defendant George R. Wilkinson negotiated and entered into a settlement agreement with Plaintiff in the amount of $7,500 in exchange for dismissal of Plaintiff's claims and any contribution claims against him. Dkt. 37. The parties have also agreed to dismiss Defendant George R. Wilkinson's crossclaim against Paul I. Rosil as moot. Dkt. 35. The Court held a hearing on Plaintiff's Motion for Good Faith Finding on June 16, 2026. Dkt. 38. Defendants Paul I. Rosil and Taras Rosil, the

1

nonsettling Defendants, informed the Court that they did not object to the Motion.

Under the Contribution Act, "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, . . . there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 ILCS 100/2(a). The tortfeasor who settles in good faith with the injured party is discharged from all liability for any contribution to any other tortfeasor. 740 ILCS 100/2(c), (d).

The "good faith" of a settlement is the only limitation the Contribution Act places on the right to settle. *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003). However, the Contribution Act "does not define the term 'good faith,' nor does it provide any procedural guidelines as to when or how a good-faith determination is to be made." *Id.* However, the Illinois Supreme Court has held that a settlement "will not be found to be in good faith if it is shown that the settling parties engaged in wrongful conduct, collusion, or fraud" or if it is inconsistent with the policies underlying the Contribution Act. *Id.* at 821. The two public policies underlying the Contribution Act are the encouragement of settlements and the equitable apportionment of damages among tortfeasors. *Id.* at 821.

Illinois courts consider, among other things, the following factors in determining whether a settlement was made in good faith: (1) whether the amount paid was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information regarding the circumstances of the settlement agreement. *LaJeunesse v. Ford Motor Co.*, 642 F. Supp. 2d 835, 838 (N.D. Ill. 2009).

The settling parties seeking a good faith finding carry the initial burden of showing the settlement was made in good faith. *Johnson*, 784 N.E.2d at 820. "At a minimum, the settling parties must show the existence of a legally valid settlement agreement." *Id.* Once that showing has been made, a party challenging the good faith of the settlement bears the burden of showing the absence of good faith by a preponderance of the evidence. *Id.* "Ultimately, however, whether a settlement satisfied the good-faith requirement as contemplated by the Contribution Act is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Id.* at 821.

Here, Plaintiff and Defendant George R. Wilkinson have met their initial burden of showing that their settlement was made in good faith. The parties have provided the Court with a copy of the settlement agreement, which states that Plaintiff has agreed to accept $7,500 as consideration for settling her claims against Defendant George R. Wilkinson. Dkt. 37. Based on the facts presented in the Complaint and Defendant George R. Wilkinson's crossclaim, the Court finds the settlement amount reasonable. *See Johnson*, 784 N.E.2d at 822 (finding that although the

2

plaintiffs sought damages in the millions, a $1,000 settlement alone did not require a finding of bad faith). The parties are represented by counsel, who have independently engaged in settlement negotiations at arm's length, and there does not appear to be any close personal relationship between the settling parties. Dkt. 33. Furthermore, no evidence has been presented that the settlement was obtained through wrongful conduct, collusion, or fraud, or that the settlement is inconsistent with the policies underlying the Contribution Act. *See Johnson*, 784 N.E.2d at 821. Additionally, no party has made any objection to the settlement. The lack of opposition by the nonsettling Defendants is significant because the burden of proving the absence of good faith lies with the nonsettling parties. *Id.* at 820.

After reviewing the parties' settlement agreement and considering the totality of the circumstances, the Court finds that the settlement between Plaintiff and Defendant George R. Wilkinson satisfies the good faith requirement of the Contribution Act. 740 ILCS 100/2(c), (d). Accordingly, it is this Court's report and recommendation that Plaintiff's Motion for Good Faith Finding [33] be granted. This good faith finding would bar any contribution claims by Defendants Paul I. Rosil and Taras Rosil against Defendant George R. Wilkinson. 740 ILCS 100/2(d). This Court further recommends that all claims against Defendant George R. Wilkinson be dismissed with prejudice and without costs and that the crossclaim by George R. Wilkinson against Paul I. Rosil be dismissed with prejudice as moot. 740 ILCS 100/2(e). Plaintiff's claims would remain pending against Defendants Paul I. Rosil and Taras Rosil.

Entered: July 1, 2026                    By: _____
                                             Michael F. Iasparro
                                             United States Magistrate Judge

3